We'll hear argument next in number 2011-5050, Simanski against the Secretary of Health and Human Services. Ms. Chin-Kaplan, when you're ready. Take the time to get your materials together there.  My name is Sylvia Chin-Kaplan, and I represent the Appellant. This is an issue of first impression for this court. It regards the scope of the Special Master's authority to dismiss a case and his management of a case. Specifically, does the Special Master have the authority to substitute his own judgment for that of two well-qualified experts and dismiss a case in the absence of any evidence from the respondent? Secondly, does the Special Master have the authority to unilaterally suspend the vaccine rules? And if he unilaterally suspends the vaccine rules, does that violate the due process rights and fundamental fairness of Rule 8C of the vaccine rules? Fourth, are summary disposition proceedings appropriate when a material issue of fact surfaces in argument at a later point in time? And lastly, does the Special Master abdicate his role of the neutral finder of fact and law when he abdicates a position which is subsequently endorsed by the respondent? And as I've indicated, Your Honors, these are all issues that have not been decided previously. The vaccine program is in its infancy in comparison to most programs which have some adversarial process. The Vaccine Act has two goals, to promote the manufacture of vaccines and also to compensate children or injured parties in a fair and expeditious manner, which is generous. Go ahead. You suggested that this would not have been appropriate even in a summary proceeding in part because you said there's a disputed question of fact. If there were no disputed question of fact, if, for example, your expert totally not only failed to address causation, for example, suppose it's just missing entirely, then a summary judgment could arguably be appropriate, couldn't it? That would be true, Your Honor. Even if the government hadn't submitted any contrary evidence, if you failed to put forth any evidence of one of the required aspects of proof, none at all, then you agree summary judgment would be appropriate in that case. In a very limited circumstance, Your Honor, these are very complicated issues. This particular case involves immunology, which is one of the most complex areas of medicine involved. For summary judgment to occur in this proceeding, it would require that a special master know for a fact that there are no issues in dispute. And since the medicine is not within his normal daily life experience, it would be difficult to imagine how that could occur. But you do agree that if there was a total failure to address something by the expert, one of the required prongs, summary judgment would be appropriate. I would agree that in the absence of any evidence to the contrary, that yes, summary judgment would be appropriate. Okay, and so now, what if your expert did address the issue, but did so in such a conclusory fashion like he just said? Suppose your expert did not provide any of the detailed references to all the articles and all of that, but merely said, in my opinion, the vaccine caused this. Without any explanation of, you know, how it could have caused it or why it caused it, without any citation, any studies, without anything at all. Such a conclusory statement by the expert without any support, would that be something over which the special master would be entitled to issue summary judgment? The court has already decided conclusions by themselves without evidence to support those conclusions would be appropriate. However, that's not the situation here. In this particular instance, Dr. Schoenfeld provided a theory, which was plausible and reliable, indicating how this vaccine could cause Guillain-Barre syndrome. And he indicated, in his opinion, why it caused it in this particular child. And he indicated that the temporal relationship was appropriate, particularly since this was a young infant whose immune status was not that of an adult yet. And it could occur earlier because of the immaturity of the immune status. And once the petitioner has cited those facts, it's then up to the respondent to either prove that those facts are erroneous. And if they are unable to prove that those facts are erroneous, then they must prove that there's an alternative causation for this child. I understand. And you just articulated your argument very clearly. I completely understand. But you start from the proposition that the only burden the applicant has is to prove that a theory that is plausible. And isn't that inconsistent with our decision in Moberly, which said possible, plausible, not enough? You have to show probable. You have to establish causation. Your Honor, you are correct in that Moberly requires that there be a reliable theory. And in Moberly, what occurred was that we had two experts. They disagreed as to a portion of the theory. And because they disagreed as to a portion of the theory, there was nothing to tip the balance in either way. This was in direct opposite to Andre when the experts agreed. But in addition, the petitioner's expert also had evidence to support the reliability of his argument. In this particular instance, we have a plausible theory, which is- But the Moberly decision expressly quoted your plausible theory and rejected it. Said plausible, not your theory so much, but the idea of plausibility isn't enough. And it went on to say that the traditional tort standard of preponderant evidence must be established. Two issues I'd like to address here, Your Honor. The Moberly court was troubled by the reliability of the evidence. And in this particular instance, we assert that the reliability of the evidence was supported by the medical literature supplied by petitioner's expert, in which he cited all the mechanisms by which autoimmunity occurs. Now, with respect to preponderance of the evidence, the statute indicates that the evidence is to be based on the record as a whole, and that petitioner must prove by preponderant evidence based on the record as a whole. Now, this court in other cases have indicated that one prong, when sufficiently strong enough, can support another prong, and that was in Capizano. In this case, within the special master and through years that this case has been in process, your client has been told time and time again to supplement the petition, to supplement the record. We need further proof. You're going to be dismissed because you don't have preponderance of evidence if you don't give us more. And the record shows that all of those column red flags, column court orders, that they all went unanswered. Your Honor, a petition provides notice of the injury that a petitioner has suffered, along with potentially which vaccine has caused that injury. And that was what the original special master required. So it required notice of what the alleged injury was. When petitioner filed their expert report, not only did they allege what injury, but they also supplied evidence on the vaccines that caused those injuries. That report was reviewed, and your client was told you need more than just this report. Here's the problems we have with the report. You need to give us more information. You need more evidence. And you're at the risk of having your petition dismissed. Years go by. You're warned time and time again that you're at the risk of having your petition denied if you don't supply more information. And at one point, your client refused. It simply said, I'm not going to give you any more information. So your petition was denied. Your Honor, a petition provides notice of the claim. And when an expert report addresses what injury that petitioner has suffered and the role of vaccines in that injury, then that notice requirement has been provided. And once that requirement has been provided, it seems that the burden must then shift to the respondent to file a Rule 4C report to state their position about why this case should not be compensated. With specificity, Rule 4C requires that they explicitly state the facts and the law on which they are basing their judgment. And the purpose of that is to narrow the issues, to provide notice to the petitioner about what is in dispute and what is not in dispute so that the proceeding can go forward in a... Rule 4C says that within 30 days after filing the petition, the respondent must review the documents and determine whether all information necessary to enable the respondent to evaluate the merits of the claim has been followed. I think that was done. I believe that it was determined that there was not enough information necessary or there was not enough necessary information in order to, as you know, to shift the burden to the respondent in order to provide a full evaluation. Your Honor, it's petition's position that in many instances when a petition is filed, it is perfected when the documentary evidence is filed. The documentary evidence are the medical records, the petition, as well as the affidavit of the petitioner. That is the documentary evidence normally that is required. Petitioner did file all that evidence. In addition, they filed two expert reports, actually three expert reports, which supported their position. And once that's happened, Rule 4C indicates that the respondent must file a report setting forth a full and complete statement of this position as to why an award should not be granted. But right above that it says, after petitioner has satisfied all required documentary submissions, then it goes on and states the language that you just read to the court. Isn't the problem here that the determination for several years has been that you have not filed all of the required documentary submissions? The claims court found that the filing of the expert report perfected the petition. And it's petitioner's viewpoint that once that has occurred, that the burden then shifts to the respondent under Rule 4C. The court of federal claims judge stated in her opinion that you had, I guess it was you at the hearing, had indicated an oral argument that you were not arguing that the respondent was required to file a report before the special master could proceed. Do you agree with that characterization of your position? I looked at the hearing transcript when I saw that because I did not recall that, Your Honor. And when I looked at the hearing transcript, it was cited by the claims court judge. There was a colloquy between the claims court and myself regarding what evidence needs to be submitted or whether any evidence needed to be submitted before a summary judgment proceeding could take place. I believe the confusion may be here in that I was referring to the fact that a Rule 4C report had not been filed yet. And she might have thought that I was referring to an expert report had not been filed. But certainly it's not our position, it's never been our position, that the respondent has no responsibility to abide by the rules. And it's our position also that the special master doesn't have the ability to suspend the rules because there are very few rules in this program. And what few rules in the program are designed to fulfill congressional intent. And the few rules that we have in this program provide due process. And it also provides the fundamental fairness that's mentioned in Rule 8C. If a petitioner came forward with a petition and totally failed to allege an element, I'm going back to the same kind of hypo I started with, totally failed to allege one of the required elements, clearly not making a prima facie case, are you suggesting that the special master would have no authority to conclude that the petitioner has not met its burden until after the government has filed this 4C responsive report? Normally, Your Honor, once the documentary evidence is filed, a Rule 4C report does issue. That's normally how the procedure has worked in the past. And this is an unusual situation. And tellingly, the special master in this case has now indicated that he will not order status conferences until a Rule 4C report has been filed. So it appears that he has changed his practice, whether it's in response to this case or not. But the documentary evidence... No, the special master certainly indicated some discomfort. Pardon me, sir? The special master, I'm not saying special master, the court of federal claims indicated some discomfort with the procedure in this case, in her opinion. She sustained the denial of the petition, but there's significant reservations expressed, I think it's fair to say, in her opinion. I think you would agree with that. I would agree that the claims court judge did express discomfort with the length of proceedings, and I would agree that that is not a situation which either party wanted to occur. Well, actually, I was talking about the procedure employed by the special master, but there was also concern about the length of the proceedings. That's true. I agree with that, Your Honor, and it is an issue. But how do we look at the dismissal purely as a legal point that the petition was not legally sufficient? Or was there any type of factual determinations that were made with respect to the sufficiency of the petition? The court dismissed the case based on failure to comply with an order, and his decision did not indicate the facts or the law which would have supported the dismissal. When that determination was made, was there any type of factual determination as to the sufficiency of the facts that were pled? The sufficiency of the facts that were pled, if you're referring to the medical facts as opposed to the child's condition, I would say no. If you're referring to the actual opinions of the experts that were submitted in this case, I would say that it was the special master who challenged the sufficiency. However, he challenged it. If we were to reverse, what is it that we would reverse and do? I mean, what would happen? You would reverse the decision of the claims court denying entitlement, and in our particular situation, because of what happened here, the noncompliance with the rules, we're asking that this court remand back to the special master solely for the determination of damages. You want us to decide she's entitled, not just to say an improper procedure was used, go back and do this properly? You want us to decide she's entitled in the first instance? Yes, Your Honor. Are we doing this as a sanction against the government for not filing a 4C response, in your view, or are we doing this because the record clearly, as a matter of law, demonstrates her entitlement? Both, Your Honor. As a sanction, but the only evidence in this case has been filed by petitioner. We have asked that the special master issue an order requiring the... But the only evidence in this case, the expert testimony, the special master repeatedly found deficient in failing to establish the necessary level of causation. So how would we, as a matter of law, come in and say, not that he's completely incorrect, it does entirely establish causation, that's what you would have us do? Yes, Your Honor, because there's no evidence to the contrary that what petitioner stated is wrong. Wouldn't that be a factual determination that we're not permitted to do under our standard of review? You are permitted to review de novo if you find that there is an error of law. And in this particular instance where the petitioner is stating that the error of law occurred in not requiring the respondent to abide by the vaccine rules. Very well.  We will say you had reserved a minute for rebuttal and we'll restore that rebuttal time to you. Thank you, Your Honor. You've asked a lot of questions. Ms. Patton. I think the special master's decision below summarizes very well what you have before you, is that special masters are authorized to require the production of evidence. This petitioner was given so many opportunities to present that evidence. And as you can see from the orders and the responses, they simply refused. And then the case had to be dismissed based on petitioner's absolute refusal to comply with any of the orders. And in doing so, failure to present a prima facie case. Was there any determination made on the merits in this case? I believe so. I believe that's in the show cause order that's And the special master did an extremely thorough analysis of the merits of the case in that show cause order, indicating why, if they didn't provide a supplemental opinion from their expert, why it would be dismissed. If he does that, why not accept the petition and then make a finding on the merits? The thing that bothers me about this case is that the government kept asking for more from the applicant. And at one point, they said, we're not going to give you any more. This is too costly. We can't afford it. We can't afford to go out and get the medical expert that you want us to. We can't go on with this. Make a decision. Why can't you make a decision on the merits at that point? I think the problem with that argument is that the order that issued from the special master initially after they filed the report of Dr. Schoenfeld was very specific, indicating here is why the expert report is insufficient. You need to answer these questions. So when they provided a response from Dr. Schoenfeld, they ignored almost all of the questions posed by the special master. So to the extent there's any argument that it would be too expensive to go back to the expert, that's either a failure of communication from the attorneys to their expert on what needed to be addressed or a simple failure of the expert to address the question. So in terms of unreasonable expense, that's not a legitimate argument because the special master stated specifically the questions that he had and the responses that were necessary. And all but one of those questions were ignored by petitioners. Judge Miller called the order to show cause a de facto analysis on the merits. That's the case. What jurisdiction do we have to be here in this case? I think part of its question, it's never clear on what basis petitioners were appealing, whether it's on a procedural issue, the lack of having the Rule 4 report and his dismissal under Rule 21B, or whether their appeal is actually on the merits of their claim. Because it's not very clear what the special master did. I certainly don't fault them for raising all of those issues because don't you think what the special master did, the process used in this case was a bit unusual? The process used was not the process we would typically see in a Vaccine Act case. I think in this case, the refusal to respond to his questions, there was little he could do. And in fact, with experience with this particular expert. But if he had done this on summary judgment, this wouldn't be nearly as difficult a case for the government, would it? I think the concerns that Judge Miller expressed wouldn't be here if it had been a motion for summary judgment by government, the government that was then granted. Reasons to respond to it. To respond to motions for summary judgment from the court are permissible. And that would have still been in the context of a summary judgment motion, as opposed to this kind of process, which has kind of the feel of a summary judgment without perhaps some of the protections. I think the Vaccine Act is fairly unique in what a special master is supposed to do. But in Section 12 of the Vaccine Act, it indicates what a special master may do under a proceeding. The information that's required. In this case, Special Master Moran was trying to get that information, the information that the act gives him the authority to request. Petitioners time and again, they had multiple opportunities. There were at least three, possibly four opportunities to give him that information that he is authorized to get under Section 12. And petitioners just outright refused to give that information. I think his order to show cause was a roadmap for them of how they could satisfy the information he wanted under Section 12 to meet their claim. And then letting them know if they didn't provide that information, it would be dismissed. And then the dismissal came after a fourth opportunity for them to provide the information that they rejected. And without that, I think that the failure to comply order after order, he had almost no other option other than to dismiss the claim. I think that right before the dismissal happened, they did respond. And they said, we can't give you the information. We can't afford it. We can't go through the expense. And if that's the case, then why is it that the special master didn't say, OK, I'm going to go to the merits then and dismiss it, if anything, after reviewing the merits of the case? It's a little odd what's before us is that I do agree with Judge Miller that the order to show cause is a de facto analysis of the merits of the claim. I obviously can't say anything about if petitioners had said they can't afford to go to their expert. They were given multiple opportunities. And they were provided a written order with what was needed. And it was ignored. I guess I'm still struggling procedurally. Because if I were to consider this like a 12B6, which it seems more like, given the early stage in the process before you even filed your responsive 4C, 12B6 would generally be before an answer is filed.  which they would need in order to secure a claim. There might be a failure of proof, of evidence. But there's not an insufficient. They didn't fail to allege all of the elements of their claim. Their expert says, therefore, with great confidence and certainty, I can say that the vaccines, with all their immunological aspects, were the cause of the GBS. So while the expert report, from an evidentiary standpoint, if the special master had adopted this expert, then we'd be in a different situation. But he didn't. He didn't do any of those things. Instead, he makes this hybrid ruling, which I'm very uncomfortable with, especially in these vaccine cases, especially on these points of causation. So I'm just not sure what to do with it. I don't necessarily think the government has to always file a 4C. I think you could just stand there and say they didn't prove it. But I'm not comfortable with him doing it in this hybrid fashion. So I'm not really sure. If that's where I wanted to come out, what would your recommendation be as to how I should resolve this? Don't tell me I'm wrong. Tell me how to resolve it, if that's where I'm at. I think it should be affirmed. I think to the extent that the special master didn't require a respondent's report, and you think there should have been, the respondent's position was very clear to petitioners over the course of the proceeding. Unfortunately, the way the Vaccine Act is, a lot of- I wonder. Do you think it's a foregone conclusion that you would disagree with every single proposition of medical causation in Dr. Schoenfeld's report? I don't know that every single proposition. There may have been some very general- Well, things like that certain of the vaccines that Ms. Szymanski received have been reported to be causally linked to GBS. And there are reports, I guess a couple of his papers that he cites, among them numerous papers in his expert report, would support such a conclusion. I don't know that it would support his conclusion because the majority of papers that he would discuss talked about the flu vaccine, which is not one of the vaccines. But I went through all the papers, at least by title, and there were several that talked about other vaccines, including a case study linking GBS to one of the vaccines that she did receive. Probably to the- You know what I'm talking about. Pertussis. Well, it may have been acellular pertussis. I don't recall. But it was one of the two that she did receive. It could have been. But Dr. Schoenfeld's report, I think, is just so inadequate on its face. And there were so many attempts to have him explain that. How can you say that? His report says, therefore, with great confidence and certainty, I can say that the vaccines, with all the immunological aspects, were the cause of the GBS. I think just because an expert says I can state with great certainty doesn't mean that there is adequate support for his opinion. But this is an expert opinion. It is an expert opinion. And it deserves consideration, doesn't it? And the special master did consider it and explain specifically to the petitioners the problem with it. Other special masters, and in fact the Court of Federal Claims, have had problems with this specific expert and the vagueness of his reports. And when he goes to hearing, as explained by the special master, suddenly changing or providing new theories. So I think this was the special master's attempt to find out exactly what Dr. Schoenfeld was saying. He never specified what vaccine was at issue. And as the special master explained in the show cause order, there are very different mechanisms involved, whether it would involve the pertussis vaccine and some sort of toxic effect, or one of the other vaccines where there would be an immunological effect. Most of the literature cited, when you explain there are many articles, deals with adults and not with an infant who has a completely immature immune system. Special master Moran wanted that addressed as well. And petitioners just outright refused, almost as if in this case they were daring him to dismiss the case because they did not provide that information. Why did their burden do that? Because, I mean, if they established, you know, it causes it potentially with adults, isn't it the government's job to say, ah, but there's a reason to think with infants it might be different? I mean, why is it their burden to establish that it would also happen... I mean, it seems reasonable that if someone asserts it happens with adults, I mean, there have been no studies with children. Okay, maybe that's good enough. I mean, why is that something to be thrown out at this early stage with the absence of any contrary evidence? At this stage, it's always petitioner's burden. Respondent doesn't have any burden to prove otherwise until petitioners have established prima facie cases. But if they came forward with evidence showing in adults, it could... there's some evidence that it has caused GBS in adults. The fact that she's an infant, why isn't that enough to establish it? It causes it in adults. In this particular case, in the order to show cause, the special master explains that in another case, and in vaccine-act cases, the special masters may rely on their past experience, he explains that he had an entirely different explanation in another case involving an infant where he had testimony from a pediatric immunologist indicating this wouldn't happen in an infant. And so he propounded the question to petitioners to say, I want Dr. Schoenfeld to explain, when based on my experience... Why do they have to respond to the special master's claim about evidence that he heard in an unrelated case, which they may have no knowledge of, which wasn't presented to them, no article was given to respond to this? Why? Why? Why is... I don't understand why they're required to respond to those things. At this point in time, Dr. Schoenfeld's report, he doesn't indicate what vaccine is involved. He doesn't provide a proper temporal... She got like eight different ones. I mean, if you count DPT being three, you know, and things like that, she got a lot of different vaccines. So he goes through many, many different vaccines and explains their relationships with GBS. I mean, it's kind of like if three cars hit my car simultaneously and I was injured, well, which one really caused my injury? I'm not sure. Why isn't what he pointed out enough? At least to get through this part of the procedure to make the government come up with something responsive. And we did not file a Rule 4C report, but it was so clear from all of the conference calls, respondents' position that it wasn't sufficient, that they hadn't met their burden. It was put in an order by the special master that respondent would file a motion for summary judgment, said petitioners didn't meet, and we discussed these things thoroughly in status conferences in front of the three separate special masters. Unfortunately, these things aren't in the record. You said it was discussed that you intended to file a motion for summary judgment? Yes, and that's set forth in one of the special masters, in fact in two of his orders. But you never got around to it. We didn't get to that because there were the outstanding orders for petitioners to provide additional information from Dr. Schoenfeld. You said a while ago that the special master, when you were describing the special master's evaluation of Dr. Schoenfeld's report, that Dr. Schoenfeld is known for being evasive, you said, or not answering correctly, and did the special master make those type of credibility judgments in his order show cause? He indicated that it was a problem and that that brought about some more of the questions and he wanted to avoid, I believe he cited the Court of Federal Claims decision in Shaw that came up here on an unrelated issue, wanted to avoid multiple hearings. He had stated in his experience with Dr. Schoenfeld that he presents new theories on appeal. He cited to a decision by Court of Federal Claims affirming another special master's decision saying Dr. Schoenfeld's Is there evidence in the record to support his, that opinion of the special master? I'm sorry, to support which opinion? About Dr. Schoenfeld that you're saying was made. I don't think that's the basis though of the case being dismissed. He cites to the Hennessey case in his order to show cause that petitioners had before them, again, at which point they decided not to provide any additional evidence that did indicate others have had a problem with Dr. Schoenfeld in the past with the vagueness of his reports. I see my time's just about up here. I just want to emphasize that petitioner below seemed to completely abandon their procedural argument and focused on the merits of the claim. Abandon the procedural argument? Below. The focus in front of Judge Miller had been, it started off as the respondent in file rule 4C report and then as Judge Miller stated in her decision, they seemed to back away from that in the focus. Let me ask you about that because I read that portion of Judge Miller's opinion and then looked at the transcript and I didn't see any place where there was an explicit abandonment of that argument. I don't think explicit is appropriate to say that the focus of the argument was on the substance. The focus of the argument is a very, it seems to me, slender read on which to predicate a waiver argument. Are you saying that they've waived the rule 4 argument? I don't think they've waived the rule 4 argument. Because the focus of their argument below was principally on something else? If there's a waiver, point me to where the waiver occurred. I don't believe there was any explicit waiver. You say there was a waiver, you argue, but not an explicit waiver. Implicit waivers are a little hard to come by, but tell me where the implicit waiver occurred. In their brief before Judge Miller, when she wanted additional information. Well, let me just point you first, for starters, to JA 378 through 379, which is their brief, I believe, before Judge Miller. And that is objection to the special master's decision to relieve the respondent of the obligation to file a rule 4C report was arbitrary, capricious, and abuse of discretion and not in accordance with law. That's the argument that they're making again in this court. That doesn't seem waived to me. They make a two-page argument there. Now unless they later waive it, I don't see why that isn't enough to preserve. All right. Are you with me, 378? Yes. That's in their motion for review. I'm actually looking at their response. Yeah, but that's the document that they present to Judge Miller to say, here are our complaints with the special master's report. Respondent is not required to submit any rebuttal evidence to challenge the sufficiency of the petition. They state specifically to Judge Miller in response to her questions, respondent is not required to submit rebuttal evidence to challenge the sufficiency of the petition. Where are you reading from? I'm afraid this may not have been in the appendix, so it's probably not before you. This is October 6, 2010 petitioner's response to the court's September 23, 2010 order. October 6? October 6, 2010. Okay. It's petitioner's response to the court's September 23, 2010 order, and that's on page 4. Okay. I'll take a look at it. Thank you. Thank you very much. Ms. Jen Kaplan, if you have rebuttal. Thank you, Your Honor. Just a few issues here. The only issue raised by respondent at that time was the issue of timeliness. They objected to the fact that this injury had occurred at four days as opposed to five days and threatened to file a motion for summary judgment at that time. Subsequently, I agreed to file a report addressing this one issue. After the report was filed, the special master issued a four-and-a-half-page order with additional questions about the sufficiency of the report. Are you saying that the special master withdrew four of the five questions that were in his first order? No, Your Honor. He included the four questions which he indicated were not addressed in the subsequent order, which now totaled nine different questions. It was at that point that the petitioner indicated that they could not go through this endless process. It was too timely, too cost-consuming for them. And that was when they indicated that they believed that they had met the requirements of the petition, that they had met their prima facie case. At that point, it was incumbent upon the respondent to appear and state their case. The respondent has never filed a motion for summary judgment in this case. We did not abandon our procedural argument here. I view the oral arguments to be supplemental to our written briefs. What about the written response that Ms. Patton referred to on October 6, 2010, page 4? She read a sentence from that. Do you have it or remember what the context of that statement was? Yes, Your Honor. It involved whether it erodes out of the contents of the claims court asking the petitioner if a respondent was required to file evidence. My response was that they're not required to file evidence, but they do so at their own peril because there would be no evidence to contradict what has already been stated. Are you drawing a distinction between a report and evidence? Yes, Your Honor. So you're saying they do have an absolute obligation to file a report, but they don't have an absolute obligation to file evidence in conjunction with the report? Absolutely, Your Honor. If you have one further thought? No, Your Honor. Thank you. The case is submitted. We thank both counsel.